[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 105)
The issue is should the defendant, Chrysler Corporation's, motion to strike counts one through five of the plaintiff's complaint be granted on the ground that the counts are barred by the exclusivity provision of the Connecticut Product Liability Act (CPLA), General Statutes § 52-572n.
The motion to strike counts one through five should be granted on the ground that the CPLA bars counts one through five.
On August 1, 1994, the plaintiffs, John and Cheryl Gagner, filed a ten count complaint against the defendants, Chrysler Corporation (Chrysler) and David McDermott Chevrolet, Inc. The plaintiffs allege the following facts. On August 10, 1992, the plaintiffs bought a truck designed, manufactured, and distributed by Chrysler. On August 28, 1992, John Gagner was sitting in the truck when the truck shifted out of park and rolled backwards, striking Cheryl Gagner. The keys were not in the ignition when CT Page 12290 the car shifted into gear.
Counts one through five are directed toward Chrysler. In count one, the plaintiffs allege that Chrysler was negligent in the design, manufacture and testing of the truck's transmission. In count two, the plaintiffs allege that Chrysler breached its implied warranties of merchantability and fitness. In count three, the plaintiffs allege that Chrysler breached express warranties covering the truck. In count four, the plaintiffs allege a common law product liability claim. In count five, the plaintiff allege a violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110a et seq. In counts six through ten, the plaintiffs allege the same claims against David McDermott Chevrolet, Inc.
On October 18, 1994, Chrysler filed a motion to strike counts one through five of the plaintiffs' complaint on the ground that the claims are barred by the exclusivity provision of the CPLA. Pursuant to Practice Book § 155, Chrysler filed a memorandum of law in support of its motion. The plaintiffs have not filed a memorandum of law in opposition to the motion to strike.[1]
The purpose of a motion to strike is "to test the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In deciding upon a motion to strike, the court shall construe the facts alleged most favorably to the pleader. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
General Statutes § 52-572n(a) provides that "[a] product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." "In adopting the act, the legislature intended to incorporate in a single cause of action an exclusive remedy for all claims falling within its scope." Elliot v. Sears Roebuck Co., 229 Conn. 500, 504, ___ A.2d ___ (1994). "In doing so, the legislature was merely recasting an existing cause of action and was not creating a wholly new right for claimants harmed by a product. The intent of the legislature was to eliminate the complex pleading provided at common law. . . ." (Internal quotation marks omitted.) Id., 505. CT Page 12291
General Statutes Sec. 52-572m(b) defines a "product liability claim" as follows:
 "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.
In the present case, the plaintiffs allege in count one that Chrysler was negligent in the design, manufacture and testing of the truck. In count two, the plaintiffs allege breach of the implied warranties of merchantability and fitness. In count three, the plaintiffs allege breach of express warranties. In count four, the plaintiffs allege a claim for defective design. It is submitted that the claims in counts one through four are covered by the CPLA and, therefore, the CPLA is the exclusive remedy for those claims. It is found that the motion to strike counts one through four should be granted.
Chrysler argues that count five is also barred by the exclusivity provision of the CPLA.
The superior court is split on the issue of whether the exclusivity provision of the CPLA bars a simultaneous claim for violations of CUTPA. Touchette v. Smith, 10 Conn. L. Rptr. 173
(November 15, 1993, Booth, J.). "One approach interprets52-572n(a) to prohibit not only common law claims, but statutory claims as well. . . . Thus, pursuant to this approach, the product liability statute precludes the bringing of a CUTPA action with a product liability action." (Citations omitted.) Geissler v. FordMotor Company, 9 CSCR 148 (January 13, 1994, Dranginis, J.).
 A second line of superior court decisions holds that CUTPA claims, arising out of the CT Page 12292 same transaction or occurrence as a product liability claim, do not come within the purview of the CPLA and are not barred by the exclusivity provision of 52-572n(a). These decisions rely on the distinction between the scope of CUTPA, which deals with unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce, and the scope of CPLA, which addresses the harm caused by the product. . . . CUTPA and CPLA violations are not peas from the same pod, but both acts seek to compensate for different types of harm — CPLA for harm resulting from the defendant's product and CUTPA for harm resulting from defendant's business practices. . . .
(Citations omitted.) Id. "Under this functional analysis, the CPLA is viewed as precluding any claim that is basically coextensive with or functionally equivalent to a simultaneously plead[ed] product liability claim." (Internal quotation marks omitted.) Khongdy v. Die-Quip Corporation, 11 Conn. L. Rptr. 628
(June 15, 1994, Stanley, J.).
In the present case, the plaintiffs incorporate the allegations of count one in count five. The plaintiffs allege in count one that the truck's transmission was defective and that it injured Cheryl Gagner. The plaintiffs allege further in count five that Chrysler knew or should have known that the truck's transmission was defective. The plaintiffs allege that it was foreseeable that the truck would be used by John Gagner and members of his family. The plaintiffs allege also that these acts constitute a violation of CUTPA in that the acts were immoral, oppressive and/or unscrupulous and caused injury to the plaintiffs.
It is submitted that the harms alleged in the common law product liability counts and the CUTPA count are functionally equivalent. It is submitted that the harm alleged in the CUTPA count is harm caused by a defective product, which is the same harm alleged in counts one through four. It is found, therefore, that the CPLA bars count five. It is found that the motion to strike should be granted.